HENRY E. SPRAGUE, Respondent, *v.* EDWIN BUTTERWORTH and others, Appellants.

*Examination of the plaintiff before trial—when it will be ordered—right of the party examined to refuse to answer questions tending to criminate him.*

In this action, brought by the plaintiff to recover the price of two hundred and sixty-six bales of rags sold to the defendant, the latter, before answering, made an affidavit stating that the defense was that the sale was fraud-

ulent and void, and that the goods· were not what they were falsely and· fraudulently represented to be; that in opening some of the bales they were found to contain about one-quarter in weight of substances other than rags, which were of no pecuniary value; that a return of the goods was thereupon tendered to, and refused by the· plaintiff; that the plaintiff· had thereafter :attached the said goods, and that the same were then in the possession of the sheriff, and that the defendant was, therefore, unable to inspect or examine them; that he desired to examine the plaintiff, to prove the contents of the bales not yet opened, and to prove the fraudulent and deceitful packing and arrangement thereof, and to prove the plaintiff's knowledge of and connection with such frauds.

*Held,* that an order for the examination of the defendant was properly granted. That if, upon the examination, any questions were· put to the plaintiff, the answers to which would tend to criminate or degrade him, or to subject him to a penalty or forfeiture, he could then claim his privilege.

APPEAL from an order made at Special Term, granting· the plaintiff's motion to vacate an order for his examination as a party before trial.

The affidavit made by the general manager of the defendants' firm upon which the order was made stated, among other things, that:

"This action was commenced by attachment, followed by personal service about April 23, ult. The complaint is for two hundred and sixty-six bales of Malta colored rags, alleged to have been sold by plaintiff to defendants, and judgment is demanded for $4,683.10, with interest and costs. No answer has been served. The nature of the defense is that the sale was fraudulent and void, and that the goods are not what they were falsely and fraudulently represented and warranted to be. At and before purchasing I examined said goods, so far as was then possible. They were packed in bales so as to be incapable of internal examination, but to external appearance, and so far as could be ascertained from any inspection or examination in my power, the bales appeared to contain rags, as represented and warranted by the plaintiff. After receiving the said bales and sending them to the paper mill, about thirty-five bales thereof, taken at hazard from the whole, were opened for use and the contents thoroughly examined and sorted, and each and every bale was then found to contain in the interior thereof, so packed and arranged as to be undiscoverable ·on external examination, a large mass of rubbish, oil cloth, and other substances which

were not rags of any kind, and were not of any pecuniary value, averaging about one-quarter in weight of the whole weight of the bales, as I am informed by the persons who opened, examined, sorted and weighed the same, and verily believe to be true. I thereupon tendered to the plaintiff a return of the said goods, which he refused. I am informed and believe that the plaintiff has in this action attached the said goods, and that the same are now in the possession of the sheriff in behalf of the plaintiff, and I am unable to examine the bales not already opened, or to ascertain the contents thereof, except by an examination of the plaintiff. The defendants desire to examine the plaintiff to prove the contents of the bales not yet opened, and to prove the fraudulent and deceitful packing and arrangement thereof, and to prove the plaintiff's knowledge of and connection with such frauds, both for the purpose of preparing their answer and establishing the facts on the trial of the action; and I am advised by the defendants' counsel and believe that the testimony of the plaintiff is material and necessary to prove the said facts."

*J. Langdon Ward,* for the appellant. The testimony sought in this case does not involve any matter as to which a witness is protected from testifying. The defense does not impute crime or misdemeanor to plaintiff, or expose him to any penalty of forfeiture. (*Attwood* v. *Coe,* 4 Sandf. Ch., 412; *March* v. *Davison,* 9 Paige, 588; *McIntyre* v. *Mancius,* 16 Johns., 592; *Conant* v. *Delafield,* 3 Edw. Ch., 20.) The objection is not available unless taken by affidavit or in a notice of motion, specifying why and wherefore a forfeiture, penalty, or indictment, would or might be the consequence of the discovery. (*Sharp* v. *Sharp,* 3 Johns. Ch., 407.)

*William A. Copp,* for the respondent. A party cannot be compelled to submit to an examination which is sought with the avowed purpose of obtaining evidence tending to criminate him. (*Corbett* v. *De Comeau,* 5 Abb. New Cas., 169; *Phœnix* v. *Dupuy,* 2 Id., 146.) This application was not in any sense within the meaning of the section of the Code, as interpreted by the rules and

decisions of this court. (*Levy* v. *Loeb*, 5 Abb. New Cas., 157; *Beach* v. *Mayer*, 14 Hun, 79; *Greer* v. *Allen*, 15 Id., 432; *Chapin* v. *Thompson*, 16 Id., 53.)

Per Curiam:

We think a sufficient case for the examination of the plaintiff before trial was made out, and that the order should not have been vacated. The examination of the bales made by the defendant may have been insufficient. The jury may deem the disclosure resulting from that examination grave enough to warrant a verdict of fraud. But should the defendants be compelled to take that risk? Clearly not. They should have an opportunity of showing that the condition of the remaining bales was just as bad. If any privileged questions are put, the plaintiff can claim his privilege. We cannot, however, be certain that every question will necessarily be privileged. On the contrary, we can see that there may be proper inquiries which plaintiff could not refuse to answer. We do not mean to be understood, however (in sustaining the order which was vacated below), that a party can be required to submit to an examination, the tendency of which would be to criminate or degrade him, or to subject him to a penalty or forfeiture.

Order reversed, with $10 costs, and motion to vacate order for examination denied.

Present—Davis, P. J., Brady and Barrett, JJ.

Order reversed, with $10 costs, and disbursements, and motion denied.